The gist of this declaratory judgment action seems to be that the current policy is not what was originally purchased and maintained over the years by appellants and that the incongruous nature of the policy language supports this allegation because the policy does not now appear to provide the insurance coverage it was obviously drafted to provide. Specifically, there is indication in the record that the policy originally did cover automobiles and that the policy may have been unilaterally, illegally or otherwise improperly amended without the knowledge of the insured to exclude the automobiles at some point.
 {¶ 21} While this case may not represent the typical declaratory judgment action, these allegations are corroborated by ambiguities in the policy language itself, including in particular, the fact that the policy is entitled "Auto-Policy" and the fact that some three-fourths of the policy language clearly pertains to various automobile coverage contingencies, all inexplicably rendered moot because there are no automobiles currently listed in the policy.
 {¶ 22} I do not necessarily disagree with the conclusion of the majority that this Court is not in a position to affirmatively declare the coverage the Appellant requests based on the current policy language. On the other hand, merely relying upon the current declarations clause to conclusively interpret the entire policy as excluding such coverage only begs the central question and does not adequately address the genuine issues of fact and ambiguities of policy language raised in this case — all of which in my view, are sufficient to defeat summary judgment. For these reasons, I respectfully dissent.